IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TONY CHILDS                                                                                          PLAINTIFF

VERSUS                                                                     CIVIL ACTION NO. 2:08CV77-P-A

ENTERGY MISSISSIPPI, INC.                                                                      DEFENDANT

## ORDER

This cause is before the Court on the plaintiff's Motion to Alter or Amend Judgment, In the Alternative, Motion for Amended or Additional Findings [160]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff's motion seeks relief pursuant to Federal Rule of Civil Procedure 59(e).[1] He asserts that the Court's Order granting summary judgment on the basis that he had no admissible evidence of either the applicable standard or care or breach thereof should be set aside. As grounds therefore, he argues that the Court failed to consider his allegations of negligence per se as set forth in his Complaint.

"Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors or law or fact or to present newly discovered evidence." Ellis v. Miss. Dept. Of Health, 4:07CV81-SA, 2009 U.S. Dist. LEXIS 11441 (Miss. Ct. App. Feb. 5, 2009)(quoting Simon v. United States, 891 F.2d 1154, 1149 (5th Cir. 1990)). In order to warrant relief under Rule 59(e), a movant must

---

[1] Plaintiff seeks alternative relief under Federal Rule of Civil Procedure 52(b). However, Rule 52 is inapplicable inasmuch as it pertains to "actions tried upon facts without a jury or with an advisory jury." F.R.C.P. 52(a)(1). Where "the previous judgment which the party asks for reconsideration on is a summary judgment, the court will construe the motion under Rule 59(e), which is appropriate for reconsideration of summary judgment. Mann v. City of Tupelo, 1:93CV107-B-D, 1995 U.S. Dist. LEXIS 21632, *1 (N.D. Miss. June 20, 1995).

demonstrate one of the following: "1) an intervening change in controlling law; 2) the availability of new evidence not previously available; or 3) the need to correct a clear error of law or prevent manifest injustice. Ellis, No. 4:07CV81-SA, 2009 U.S. Dist. LEXIS 11441 (citing In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)). As a further matter, it is well-established that "Rule 59(e) motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." Marseilles Homeowners Conodo Ass'n., Inc., 542 F.3d 1053, 1058 (5th Cir. 2008)(quoting Simon, 891 F.2d at 1159).

Applying the foregoing standard to the motion before the Court, the record clearly demonstrates that plaintiff is not entitled to relief. Childs had multiple opportunities to fully respond to defendant's Motion for Summary Judgment. The instant motion makes absolutely no reference to any intervening change in controlling law; it points to no new evidence that was not previously available; and it demonstrates neither a clear error of law nor manifest injustice. Plaintiff's motion merely attempts to reargue defendant's Motion for Summary Judgment by raising new arguments and identifying evidence which could, and should, have been made and identified before the judgment issued. Accordingly, plaintiff's reliance on Rule 59(e) is misplaced. His motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Alter or Amend Judgment, In the Alternative, Motion for Amended or Additional Findings [160] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 18th day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE